VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice* to be filed)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice* to be filed)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:     (415) 653-3750
Facsimile:     (415) 653-3755

*Attorneys for Plaintiffs*
Cellco Partnership d/b/a Verizon Wireless;
Verizon Services Corp.; and
Verizon Business Network Services LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a Verizon Wireless; VERIZON SERVICES CORP.; and VERIZON BUSINESS NETWORK SERVICES LLC, <br><br>                              Plaintiff, <br><br> v. <br><br> VOIP-PAL.COM, INC., <br><br>                              Defendant. | CASE NO. 5:21-cv-05275 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), Verizon Services Corp., and Verizon Business Network Services LLC (collectively, "Verizon" or "Plaintiffs"), by and through their counsel, file this Complaint against VoIP-Pal.com, Inc. ("VoIP-Pal") for declaratory judgment that Verizon does not infringe U.S. Patent No. 8,630,234 (the "'234 patent") (Exhibit 1), that the '234 patent is invalid, that Verizon does not infringe U.S. Patent No. 10,880,721 (the "'721 patent") (Exhibit 2), and that the '721 patent is invalid. The Honorable Judge Lucy H. Koh of the Northern District of California has extensive experience with VoIP-Pal's patents, the technology claimed in its patents, and its litigation campaign against Verizon, making it both logical and judicially efficient for the parties' dispute to be heard in this Court.

## INTRODUCTION

1.  This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Verizon seeks a declaratory judgment that it does not infringe any claim of the '234 and '721 patents and that the '234 and '721 patents are invalid. The action arises from a real and immediate controversy between Verizon and VoIP-Pal as to whether Verizon infringes any claims of the '234 and '721 patents. The '234 patent is attached as Exhibit 1, and the '721 patent is attached as Exhibit 2, both of which are entitled "Mobile Gateway."

2.  This is not the first lawsuit between VoIP-Pal and a Verizon entity in this District. As this Court has previously recognized, the parties have a long history. In 2016, VoIP-Pal filed six lawsuits—one against Verizon entities, two against Apple, and three others against Amazon, AT&T, and Twitter—collectively alleging infringement of six patents ("the 2016 cases"). After its case against Twitter was transferred to this District, VoIP-Pal voluntarily consented to transfer of the remaining cases to this District. (Exhibit 3) This Court subsequently found that all six patents were invalid under 35 U.S.C. § 101 for claiming ineligible subject matter in two separate Opinions. (Exhibits 4-5.) Both of this Court's two decisions have already been affirmed by the Federal Circuit pursuant to Fed. R. App. P. 36. (Exhibits 6-7)

3.  Dissatisfied with this Court's decisions, and in an apparent effort to avoid a similar judgment, VoIP-Pal filed a cluster of lawsuits in 2020 against Verizon entities, Google,

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

Facebook, Apple, Amazon, and AT&T in the Western District of Texas, alleging infringement of a seventh (and related) patent, the '606 patent, which is part of the same family as, shares a common specification with, and contains similar claim language as, the six already-invalidated patents.

4. Within weeks, Apple, Twitter, AT&T, and Verizon Wireless filed declaratory judgment complaints in the Northern District of California, alleging noninfringement and invalidity of VoIP-Pal's seventh patent, the '606 patent. VoIP-Pal moved to dismiss those complaints under the first-to-file rule, arguing that its Western District of Texas complaints were the first-filed cases. VoIP-Pal also sought dismissal for, *inter alia*, lack of personal jurisdiction and improper venue. The Court declined to apply the first-to-file rule in the interests of judicial efficiency. (Exhibit 8.) In particular, the Court noted that VoIP-Pal's argument "completely ignores the history of disputes between the parties whether Plaintiffs infringe Defendant's family of patents related to communications over internet protocol, including a set of cases filed in 2016 and another set filed in 2018, all of which were adjudicated by this Court." (*Id*. at 11.) The Court also found that VoIP-Pal had no meaningful ties to the Western District of Texas and "decline[d] to apply the first-to-file rule to permit [VoIP-Pal] to forum shop." (*Id*. at 13.) Accordingly, the Court denied VoIP-Pal's motions. The Apple, Twitter, and AT&T declaratory-judgment cases are still pending in this District. VoIP-Pal and Verizon agreed to a stipulation of dismissal on May 26, 2021. (Case No. 20-cv-3092-LHK, Dkt. No. 73.)

5. One month later, still desperate to avoid this Court's jurisdiction, VoIP-Pal filed yet another set of complaints against Verizon, AT&T, Apple, Google, Facebook, Amazon, and T-Mobile in the Western District of Texas on June 25, 2021. (*See e.g.*, Exhibit 9.) VoIP-Pal asserted another patent family. However, the '234 and '721 patents relate to the same subject matter as VoIP-Pal's previous seven patents: call routing functionality based on callee identifiers. The '234 and '721 patents share an inventor (Johan Emil Viktor Björsell) with all of VoIP-Pal's previously asserted patents and, according to VoIP-Pal, again "originated from breakthrough work and development in the internet protocol communications field" and reflect "significant improvements to communications technology by the invention of novel methods, processes and

apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Exhibit 9 at 5.)

6. Similarly, VoIP-Pal accuses the same technology of infringement. For example, in both the 2016 Northern District of California case and the 2020 Western District of Texas case, VoIP-Pal accused Verizon's "Wi-Fi Calling" of infringement. (Case No. 18-cv-6054, Dkt. No. 10-9; Case No. 20-cv-327, Dkt. No. 1-2.)  In the 2021 Western District of Texas, VoIP-Pal accuses Verizon's "Voice over WiFi or VoWiFi" of infringement. (Case No. 21-cv-672, Dkt. No. 1-4, 1-5.) (*See* Exhibits 10-13.)

7. VoIP-Pal's forum shopping attempts should be disregarded, and in the interests of justice and judicial efficiency, any dispute between VoIP-Pal and Verizon concerning the '234 and '721 patents should be adjudicated in this District.

8. Verizon believes that it does not infringe the '234 and '721 patents, and it has not infringed any claims of the '234 and '721 patents, and that the claims of the '234 and '721 patents are invalid.

9. VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Verizon as to whether Verizon's products and/or services infringe any claims of the '234 and '721 patents, and whether the claims of the '234 and '721 patents are invalid.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

10. Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

11. Plaintiff Verizon Services Corp. is a Delaware corporation with its principal place of business at 22001 Loudoun County Pkwy., Ashburn, Virginia 20147.

12. Verizon Business Network Services Inc. is a Delaware corporation with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

13. On information and belief, VoIP-Pal is a company incorporated under the laws of Nevada. According to VoIP-Pal's Form 10-Q filed with the United States Securities and Exchange Commission for the quarterly period ending December 31, 2020, the address of VoIP-Pal's principal executive offices was in Bellevue, Washington. On information and belief, and according to public information, VoIP-Pal's current "principal place of business" at 7215 Bosque Blvd. in Waco, Texas is a "virtual office" available to anyone for $99/month. (*See* Exhibit 14 at 2).

14. On information and belief, including based on VoIP-Pal's allegations in litigations filed in Texas, VoIP-Pal owns the '234 and '721 patents.

**JURISDICTIONAL STATEMENT**

15. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

16. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because Verizon and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

17. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists as to the '234 and '721 patents at least because Verizon does not infringe and has not infringed any claims of the '234 and '721 patents; VoIP-Pal previously filed lawsuits against Verizon alleging infringement of three similar patents with similar claim language and implicating the same Verizon technology; VoIP-Pal has accused Verizon of infringing the '234 and '721 patents in litigation in the Western District of Texas; VoIP-Pal's infringement allegations generally

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1  implicate products or services provided by Verizon; and, on the basis of VoIP-Pal's allegations
2  in the Western District of Texas complaint, Verizon therefore has a reasonable apprehension of
3  suit with regard to these allegations.

4      18.    Moreover, the first two patents previously asserted by VoIP-Pal against Verizon
5  were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities
6  between those invalid claims and the claims of the '234 and '721 patents—the '234 and '721
7  patents are invalid for at least the same reasons.  And, even though this Court invalidated VoIP-
8  Pal's first two patents, VoIP-Pal continued its litigation campaign, bringing suit against Verizon
9  a second time in 2020 and a third time in 2021.  Furthermore, VoIP-Pal's executives have recently
10 made public statements that VoIP-Pal is "not finished" taking action, despite the recent decision
11 of the Federal Circuit affirming the judgment from this District that the claims of all of the patents
12 that VoIP-Pal has previously asserted against Verizon are invalid. (Exhibit 15.)

13     19.    As a result, and as this Court has previously held, VoIP-Pal has "engaged in an
14 affirmative act sufficient to confer jurisdiction over" this declaratory judgment claim "based on
15 the extensive litigation campaign undertaken by [VoIP-Pal] against Verizon on related patents."
16 (Exhibit 8 at 25.)  This Court has already recognized VoIP-Pal's public statements that it will
17 continue to assert its patent rights until it is successful.  (*Id*. at 26.)  As the Court noted, "at a case
18 management conference in the 2016 cases [against Verizon and others], Defendant represented
19 to this Court that Defendant did not then intend to file additional lawsuits against Plaintiffs," and
20 "[d]espite these representations, Defendant chose to file additional lawsuits." (*Id*. at 27 n.5.)
21 VoIP-Pal continues to do so, having sued Verizon in the 2016 case, again in the 2020 Western
22 District of Texas case asserting the '606 patent, and now in the 2021 Western District of Texas
23 case asserting the '234 and '721 patents.

24     20.    This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged
25 in actions in this District that form the basis of Verizon's claims against VoIP-Pal—namely, the
26 prosecution of the prior patent infringement lawsuit against Verizon entities in this District, the
27 prosecution of similar patents in this District, voluntarily transferring to this District the lawsuit
28 that VoIP-Pal filed against Verizon entities and litigating that case without contesting personal

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

jurisdiction, continuing to prosecute its prior 2016 case against Verizon entities in this District after transfer from the District of Nevada, and engaging California lawyers for the previous cases involving Verizon entities and the other defendants, including the 2016 case and the 2020 declaratory judgment action.  VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and Verizon.

21.   This Court has already determined that it has personal jurisdiction over VoIP-Pal. (Exhibit 8.)   It concluded: "In the instant case, the Court concludes that [VoIP-Pal] has purposefully directed its enforcement activities towards the forum state by: (1) litigating six lawsuits on claims of infringement of patents in the same family in the Northern District of California[;] (2) stipulating to transfer five lawsuits, four of them against Plaintiffs in the instant three cases, to this district; (3) never contesting personal jurisdiction in the Northern District of California in those six lawsuits; (4) engaging multiple California law firms in its infringement lawsuits; and (5) meeting with Apple in the Northern District of California in 2016 regarding claims of infringement of patents in the same family." (*Id*. at 17; *see also id*. at 17-20.)

22.   The Court also concluded that "the claim at issue in the [2020] cases arises out of or relates to these activities because the activities described above relate to patent enforcement." (*Id*. at 20.)  Likewise, the claim at issue here arises out of or relates to the same activities of patent enforcement.  The prior two cases involving VoIP-Pal and Verizon in this District—the 2016 case and the 2020 declaratory judgment case—are significantly intertwined with this case: the asserted three patents in those cases are related to the same technology as the '234 and '721 patents: call routing technology using callee identifiers.  The Court already found that the 2016 case and the 2020 declaratory judgment case "share substantially similar technology and accused products." (*Id*.)  As demonstrated by VoIP-Pal's allegations in the Western District of Texas complaint asserting the '234 and '721 patents, that case and VoIP-Pal's prior two cases against Verizon entities in this District all involve overlapping theories of infringement.  In each of these cases, VoIP-Pal accuses Verizon's telecommunications technology allowing users to make calls using WiFi (*See* Exhibits 10-13.)

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

23. As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of the '234 and '721 patents at Verizon.

24. In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in this action. Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice. This Court has already determined the assertion of personal jurisdiction against VoIP-Pal is reasonable and fair. (Exhibit 8 at 21-23.)

25. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement and invalidity of patents is determined under the general venue statute, 28 U.S.C. § 1391. Additionally, VoIP-Pal consented to transfer to this District the 2016 lawsuit that VoIP-Pal filed against Verizon entities (Exhibit 3.)

26. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c). This Court has already determined that venue is proper. (Exhibit 8 at 23.)

27. As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

28. In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Verizon entities, AT&T Corp., Apple, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). VoIP-Pal voluntarily consented to transfer of its case against the Verizon entities to this District, and between August and November 2018, each of the four cases was transferred to this District and consolidated for

pretrial purposes: Verizon (Case No. 5:18-cv-06054-LHK), Apple (Case No. 5:18-cv-06217-LHK), AT&T Corp. (Case No. 5:18-cv-06177-LHK), and Twitter (Case No. 5:18-cv-04523-LHK).

29.  The Verizon entities and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), because the asserted claims of the '815 and '005 patents were unpatentable under 35 U.S.C. § 101.  On March 25, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid.  VoIP-Pal appealed.  On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. (Exhibit 6.)

30.  In 2018, VoIP-Pal filed additional lawsuits against Apple and Amazon, alleging infringement of four patents—U.S. Patent Nos. 9,537,762; 9,813,330; 9,826,002; and 9,948,549. (Case Nos. 5:18-cv-6216-LHK and 5:18-cv-7020-LHK.)  Those four patents were part of the same family as, and shared a common specification with, the '815 and '005 patents that VoIP-Pal asserted in its earlier litigations.  Similar to its characterization of the '815 and '005 patents, VoIP-Pal alleged that these four patents "originated from breakthrough work and development in the internet protocol communications field" and reflected "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communication between internet protocol based systems and networks, such as internally controlled systems and external networks (e.g., between private networks and public networks), including the classification and routing thereof." (Case No. 5:18-cv-06216-LHK, Dkt. No. 65 at 4.)

31.  Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101.  On November 19, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the four patents to be invalid.  On November 3, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. (Exhibit 7.)

32.  In early April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division) against Apple, Amazon, Facebook, and Google, alleging infringement of a

seventh patent, the '606 patent. (Case Nos. 20-cv-275, 20-cv-272, 20-cv-267, 20-cv-269.) Each of the seven previously asserted patents are in the same patent family. The '606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal's lawsuit against Verizon in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations and which were found to be invalid by this Court, including the '815 and '005 patents asserted against Verizon.

33. In late April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division)—one against Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., and Verizon Business Network Services LLC and another against AT&T—alleging infringement of the '606 patent. (Case Nos. 20-cv-325, 20-cv-327.)

34. On notice of VoIP-Pal's newly minted enforcement campaign in the Western District of Texas, Verizon Wireless as well as Twitter, Apple, and AT&T, filed declaratory judgment complaints in this District in April and May 2020, alleging noninfringement and, for some, invalidity of the '606 patent. (Case Nos. 20-cv-2397, 20-cv-2460, 20-cv-2995, 20-cv-3092.) In each of those cases, VoIP-Pal filed a motion to dismiss under the first-to-file rule, alleging that its Western District of Texas cases constituted the first-filed cases. VoIP-Pal also moved to dismiss for, inter alia, lack of personal jurisdiction and improper venue.

35. On December 11, 2020, this Court denied VoIP-Pal's motions to dismiss. VoIP-Pal petitioned the Federal Circuit for a writ of mandamus, which was denied on February 19, 2021. (Exhibit 16.) In doing so, the Federal Circuit held that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported." (*Id.* at 3-4.)

36. Between March 25, 2021, and April 1, 2021, the lawsuits in the Western District of Texas were dismissed without prejudice "under the first-filed rule." (Case Nos. 20-cv-325 (Dkt. No. 53), 20-cv-327 (Dkt. No. 49).)

37. On June 25, 2021, VoIP-Pal again filed new lawsuits in the Western District of Texas (Waco Division)—one attempting to sue Verizon Communications Inc., Cellco

1  Partnership d/b/a Verizon Wireless, Verizon Services Corp., and Verizon Business Network
2  Services LLC, and another six against Apple, Facebook, Google, Amazon, AT&T, and T-
3  Mobile—alleging infringement of the '234 and '721 patents. (Case Nos. 21-cv-665, 21-cv-667,
4  21-cv-668, 21-cv-670, 21-cv-671, 21-cv-672, 21-cv-674.)

5  38.  The '234 and '721 patents are in the same family and share a common title,
6  specification, and inventors with each other.  The '234 patent, on its face, issued on January 14,
7  2014—two years before VoIP-Pal's first ever suit against Verizon in the District of Nevada and
8  four years before VoIP-Pal told this Court it "did not then intend to file additional lawsuits against
9  [the DJ] Plaintiffs." (Exhibit 8 at 27 n.5).  On its face, the '721 patent claims priority to the '234
10  patent and issued on December 29, 2020—during the pendency of VoIP-Pal's 2020 case against
11  Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services
12  Corp., and Verizon Business Network Services LLC in the Western District of Texas and Verizon
13  Wireless's 2020 declaratory judgment suit against VoIP-Pal in this District.

14  39.  VoIP-Pal's 2021 complaint against Verizon entities in the Western District of
15  Texas identifies claim 20 of the '234 patent and claim 38 of the '721 patent as exemplary claims
16  that are allegedly infringed by Verizon. (*See* Exhibits 12-13.)  These exemplary claims of the
17  '234 and '721 patents are similar to the claims of the seven patents that VoIP-Pal asserted against
18  Verizon and the other defendants in litigations in this District, six of which this Court has held
19  invalid, and the seventh of which is involved in pending cases in this District.

20  40.  VoIP-Pal's infringement allegations against Verizon in the Western District of
21  Texas case track its infringement allegations against Verizon in the earlier actions in this District.
22  For example, VoIP-Pal again directs its allegations towards telecommunications services that are
23  the same as or similar to its allegations in the earlier actions in this District, in particular, to
24  Verizon's Wi-Fi Calling and/or VoWiFi technology. (*See* Exhibits 10-13.)

25  41.  Verizon believes that it does not infringe and has not infringed any claims of the
26  '234 and '721 patents, and that the claims of the '234 and '721 patents are invalid at least for the
27  same or similar reasons that the claims of the six previously asserted patents were held invalid.
28

42. VoIP-Pal's tactics appear to reflect an attempt to avoid the adverse judgments of this Court by bringing serial lawsuits based on similar patent claims in a different district. In the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and Verizon concerning the '234 and '721 patents should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

43. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. Verizon believes that the case should be assigned to the Honorable Lucy H. Koh, who presided over VoIP-Pal's prior lawsuits against Verizon and other companies (*see, e.g.*, Case No. 5:18-cv-6054-LHK), and who is currently presiding over pending cases involving Apple, Twitter, AT&T Corp. and VoIP-Pal (*see, e.g.*, Case Nos. 5:20-cv-2397-LHK, 5:20-cv-2460-LHK, 5:20-cv-02995-LHK, 5:21-cv-02769-LHK).

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That Verizon Does Not Infringe The '234 Patent)**

44. Verizon repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint as if fully set forth herein.

45. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether Verizon infringes any claim of the '234 patent. VoIP-Pal has accused Verizon of infringing the '234 patent in litigation in the Western District of Texas, presenting an actual, justiciable, substantial, and immediate controversy between Verizon and VoIP-Pal regarding whether Verizon infringes any claim of the '234 patent.

46. Verizon does not infringe, and has not infringed, at least "exemplary" claim 20 of the '234 patent. For example, VoIP-Pal alleges that Verizon in the Western District of Texas infringes "exemplary" claim 20 of the '234 patent. Claim 20, an independent claim, recites the limitations (1) "cause an access code request message to be transmitted [from a mobile telephone apparatus] to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet

Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone;" (2) "receive an access code reply message [at the mobile telephone apparatus] from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time;" and (3) "initiate [by the mobile telephone apparatus] a call using said access code to identify the callee."  Verizon does not infringe claim 20 of the '234 patent at least because no Verizon product or service meets or embodies at least the following limitations as used in the claimed inventions: (1) "cause an access code request message to be transmitted [from a mobile telephone apparatus] to an access server to seek an access code from a pool of access codes wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address that enables a local call to be made to call the callee identified by the callee identifier, said access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier, said location identifier identifying a location of the mobile telephone;" (2) "receive an access code reply message [at the mobile telephone apparatus] from the access server in response to said access code request message, said access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone and wherein said access code expires after a period of time;" and (3) "initiate [by the mobile telephone apparatus] a call using said access code to identify the callee."  For at least these same reasons, Verizon also does not induce others to infringe or contributorily infringe.  Furthermore, Verizon's products and services are capable of substantial non-infringing uses, rendering contributory infringement unavailable.

47. Verizon also does not infringe the remaining seven independent claims of the '234 patent, claims 1, 11, 29, 30, 46, 62, and 78.  Each of these claims includes elements similar to

1  claim 20, and no Verizon product or service meets or embodies the similar elements of claims 1,
2  11, 29, 30, 46, 62, and 78.

3      48.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate
4  controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether
5  Verizon infringes the '234 patent.

6      49.    Verizon is entitled to judgment declaring that it does not infringe the '234 patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment That Verizon Does Not Infringe The '721 Patent)**

    50.    Verizon repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint as if fully set forth herein.

    51.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether Verizon infringes any claim of the '721 patent. VoIP-Pal has accused Verizon of infringing the '721 patent in litigation in the Western District of Texas, presenting an actual, justiciable, substantial, and immediate controversy between Verizon and VoIP-Pal regarding whether Verizon infringes any claim of the '721 patent.

    52.    Verizon does not infringe, and has not infringed, at least "exemplary" claim 38 of the '721 patent. For example, VoIP-Pal alleges that Verizon in the Western District of Texas infringes "exemplary" claim 38 of the '721 patent. Claim 38 of the '721 patent, an independent claim, recites the limitations (1) "transmit an access code request message [from a wireless apparatus] to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless apparatus;" (2) "receive an access code reply message [at the wireless apparatus] from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted, the access code being distinct from the destination node identifier;" and (3) "initiate communications from the wireless apparatus,

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

via the network interface, using the access code based on the location identifier, to establish communications between the wireless apparatus and the destination node through the communications channel identified by the access code." Verizon does not infringe claim 38 of the '721 patent at least because no Verizon product or service meets or embodies at least the following limitations as used in the claimed inventions: (1) "transmit an access code request message [from a wireless apparatus] to an access server, the access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless apparatus; (2) "receive an access code reply message [at the wireless apparatus] from the access server in response to the access code request message, the access code reply message including an access code based on the location identifier in the access code request message, the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted, the access code being distinct from the destination node identifier;" and (3) "initiate communications from the wireless apparatus, via the network interface, using the access code based on the location identifier, to establish communications between the wireless apparatus and the destination node through the communications channel identified by the access code."  For at least these same reasons, Verizon also does not induce others to infringe or contributorily infringe.  Furthermore, Verizon's products and services are capable of substantial non-infringing uses, rendering contributory infringement unavailable.

53. Verizon also does not infringe the remaining eight independent claims of the '721 patent, claims 1, 20, 50, 51, 77, 103, 129, 130.  Each of these claims includes elements similar to claim 38, and no Verizon product or service meets or embodies the similar elements of claims 1, 20, 50, 51, 77, 103, 129, 130.

54. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether Verizon infringes any claim of the '721 patent.

55. Verizon is entitled to judgment declaring that it does not infringe the '721 patent.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment That The Claims Of The '234 Patent Are Invalid)**

56. Verizon repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint as if fully set forth herein.

57. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '234 patent is valid.

58. The '234 patent is directed to similar technology and subject matter as the six patents that VoIP-Pal asserted in earlier litigations against Verizon and other defendants in this District. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101. The Federal Circuit has affirmed.

59. Like those already invalidated claims, the claims of the '234 patent are invalid under 35 U.S.C. § 101. For example, as described above, VoIP-Pal asserts that the '234 patent "originated from breakthrough work and development in the internet protocol communications field" and reflects "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Exhibit 9 at 5.) VoIP-Pal claimed at least the patents at issue in the 2018 cases were directed at these same improvements. (Case No. 5:18-cv-06216-LHK, ECF No. 65 at 4.) Despite these alleged "improvements," the Court in the 2018 cases held that the asserted patents were invalid under 35 U.S.C. § 101. (*See* Exhibit 5.) The claims of the '234 patent are similarly invalid under 35 U.S.C. § 101.

60. By way of example, the claims of the '234 patent are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that the Court held was abstract in analyzing several representative claims of six other VoIP-Pal patents sharing an inventor and similar subject matter with the '234 patent. (*See, e.g.*, Exhibits 4-5.) Furthermore,

consistent with this Court's earlier judgments concerning similar VoIP-Pal patents, none of the elements of the '234 patent's claims recite an inventive concept, either individually or as an ordered combination. For example, the claims (including claim 20) recite generic computer components (like a "mobile telephone apparatus," a "processor circuit," a "network interface," and a "server") that VoIP-Pal did not invent and that operate in their expected manner.

61. The claims of the '234 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because the claims are anticipated and/or rendered obvious by prior art. The prior art anticipating and/or rendering the claims obvious includes the references cited during prosecution of the '234 patent as well as patent references, printed publications, and/or prior art systems described in printed publications prior to the earliest effective filing date of the '234 patent. Such prior art references teach and disclose to a person of ordinary skill in the art individually or in combination the limitations of the claims of the '234 patent.

62. The claims of the '234 patent are also invalid under 35 U.S.C. § 112. For example, exemplary claim 20 is invalid under 35 U.S.C. § 112 at least because the limitation "a period of time" is indefinite and the limitations including "associated with" are indefinite and fail to meet the enablement requirements.

63. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '234 patent is valid.

64. Verizon is entitled to judgment declaring that the claims of the '234 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment That The Claims Of The '721 Patent Are Invalid)**

65. Verizon repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint as if fully set forth herein.

66. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '721 patent is valid.

67. The '721 patent is directed to similar technology and subject matter as the six patents that VoIP-Pal asserted in earlier litigations against Verizon and other defendants in this District. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101. The Federal Circuit has affirmed.

68. Like those already invalidated claims, the claims of the '721 patent are invalid under 35 U.S.C. § 101. For example, as described above, VoIP-Pal asserts that the '721 patent "originated from breakthrough work and development in the internet protocol communications field" and reflects "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Exhibit 9 at 5.) VoIP-Pal claimed at least the patents at issue in the 2018 cases were directed at these same improvements. (Case No. 5:18-cv-06216-LHK, ECF No. 65 at 4.) Despite these alleged "improvements," the Court in the 2018 cases held that the asserted patents were invalid under 35 U.S.C. § 101. (*See* Exhibit 5.) The '721 patent is similarly invalid under 35 U.S.C. § 101.

69. By way of example, the claims of the '721 patent are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that the Court held was abstract in analyzing several representative claims of six other VoIP-Pal patents sharing an inventor and similar subject matter with the '721 patent. (*See, e.g.*, Exhibits 4-5.) Furthermore, consistent with this Court's earlier judgments concerning similar VoIP-Pal patents, none of the elements of the '721 patent's claims recite an inventive concept, either individually or as an ordered combination. For example, the claims (including claim 38) recite generic computer components (like a "wireless apparatus," a "processor circuit," a "network interface," and a "server") that VoIP-Pal did not invent and that operate in their expected manner.

70. The claims of the '721 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because the claims are anticipated and/or rendered obvious by prior art. The prior art anticipating

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

and/or rendering the claims obvious includes the references cited during prosecution of the '721 patent as well as patent references, printed publications and/or prior art systems described in printed publications prior to the earliest effective filing date of the '721 patent. Such prior art references teach and disclose to a person of ordinary skill in the art individually or in combination the limitations of the claims of the '721 patent.

71.  The claims of the '721 patent are also invalid under 35 U.S.C. § 112. For example, exemplary claim 38 is invalid under 35 U.S.C. § 112 at least because the limitations including "associated with" are indefinite and fail to meet the enablement requirements.

72.  In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '721 patent is valid.

73.  Verizon is entitled to judgment declaring that the claims of the '721 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

Verizon respectfully requests the following relief:

A.  That the Court enter a judgment declaring that Verizon has not infringed, either directly or indirectly, and does not infringe any valid and enforceable claim of the '234 and '721 patents;

B.  That the Court enter a judgment declaring that the claims of the '234 and '721 patents are invalid;

C.  That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Verizon its attorneys' fees, costs, and expenses incurred in this action;

D.  That the Court award Verizon any and all other relief to which Verizon may show itself to be entitled; and

E.  That the Court award Verizon any other relief as the Court may deem just, equitable, and proper.

/ /

# JURY DEMAND

Verizon hereby demands a jury trial on all issues and claims so triable.

Dated: July 8, 2021

VENABLE LLP

By: /s/ William A. Hector
Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiffs*
Cellco Partnership d/b/a Verizon Wireless;
Verizon Services Corp.; and
Verizon Business Network Services LLC

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

19

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY

CASE NO. 5:21-cv-05275