VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice* pending)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice* pending)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:     (415) 653-3750
Facsimile:      (415) 653-3755

*Attorneys for*
Cellco Partnership d/b/a Verizon Wireless;
Verizon Services Corp.; and
Verizon Business Network Services LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06054-LHK |
| Plaintiff, | **STATEMENT IN SUPPORT OF *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP** |
| v. | |
| CELLCO PARTNERSHIP d/b/a Verizon Wireless, | |
| Defendant. | |
| CELLCO PARTNERSHIP d/b/a/ Verizon Wireless, | Case No. 5:20-cv-03092-LHK |
| Plaintiff, | **STATEMENT IN SUPPORT OF *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP** |
| v. | |
| VOIP-PAL.COM, INC., | |
| Defendant. | |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CELLCO PARTNERSHIP d/b/a Verizon Wireless;
VERIZON SERVICES CORP.; and
VERIZON BUSINESS NETWORK SERVICES LLC,

                Plaintiff,

        v.

VOIP-PAL.COM, INC.,

                Defendant.

Case No. 5:21-cv-05275-BLF

**STATEMENT IN SUPPORT OF *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

2

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

## I.   INTRODUCTION

Pursuant to the Northern District of California's Civil Local Rules 3-12(b) and 7-11, Case No. 5:21-cv-05275-BLF (the "2021 Verizon DJ Action") should be related to *Cellco Partnership d/b/a Verizon Wireless v. Voip-Pal.com, Inc.*, Case No. 5:20-cv-03092-LHK (the "2020 Verizon DJ Action") and *Voip-Pal.com, Inc. v. Verizon Wireless Services LLC et al.*, Case No. 5:18-cv-06054-LHK (the "2016 VoIP-Pal Action"). The 2021 Verizon DJ Action should also be related to recently-filed actions captioned *Apple Inc. v. VoIP-Pal.com, Inc.,* Case No. 5:21-cv-05110, *AT&T Corp. et al v. VoIP-Pal.com, Inc.*, Case No. 3:21-cv-05078, *Twitter, Inc. v. VoIP-Pal.com, Inc.,* Case No. 5:21-cv-02769-LHK, *AT&T Corp. et al v. VoIP-Pal.com, Inc.,* Case No. 5:20-cv-02995-LHK, *Apple Inc v. Voip-Pal.com, Inc.,* Case No. 5:20-cv-02460-LHK, and *Twitter, Inc. v. Voip-Pal.com, Inc.,* Case No. 5:20-cv-02397-LHK (collectively the "VoIP-Pal DJ Actions"). The VoIP-Pal DJ Actions filed in 2020, the 2020 Verizon DJ Action, and the 2016 VoIP-Pal Action are before the Honorable Lucy H. Koh.

By this statement, Verizon supports Judge Labson Freeman's *sua sponte* judicial referral and respectfully requests an order relating the 2021 Verizon DJ Action to the above-captioned 2020 Verizon DJ Action, the 2016 VoIP-Pal Action, and VoIP-Pal DJ Actions. The requested order will allow one court to preside over all VoIP-Pal disputes, which concern the same parties, the same technology, similar patents, and overlapping accused products.

## II.   DISCUSSION

### A.   Factual Background

The 2016 VoIP-Pal Action was originally filed in Nevada, but VoIP-Pal consented to transfer to this Court after a fully-briefed motion to transfer. 2016 VoIP-Pal Action, Dkt. No. 89. Judge Koh presided over the 2016 VoIP-Pal Action and five other lawsuits filed by VoIP-Pal, which the Court deemed related to each other: Verizon (Case No. 5:18-cv-06054-LHK); AT&T (Case No. 5:18-cv-06177-LHK); Apple (Case No. 5:18-cv-06217-LHK); Twitter (Case No. 5:18-cv-04523-LHK); Apple (Case No. 5:18-cv-06216-LHK); and Amazon (Case No. 5:18-cv-07020-LHK). In those cases, VoIP-Pal asserted six patents: U.S. Patent Nos. 8,542,815; 9,179,005; 9,537,762; 9,813,330; 9,826,002; and 9,948,549 (which VoIP-Pal refers to collectively as the

1

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1    "RBR patents" or the "previously asserted patents").   The six patents share a common

2    specification.  VoIP-Pal described them as addressing the same advancements or improvements to

3    IP communications.  *Compare* Case No. 5:18-cv-06054-LHK, Dkt. No. 119 at 3, *with* Case No.

4    5:18-cv-06216-LHK, Dkt. No. 65 at 4.  In each of those cases, the defendants filed consolidated

5    motions to dismiss arguing the asserted patents were invalid under 35 U.S.C. § 101 for claiming

6    patent ineligible subject matter, which the Court granted.  *E.g.*, Case No. 5:18-cv-04523-LHK,

7    Dkt. Nos. 82, 84; Case No. 5:18-cv-06216-LHK, Dkt. Nos. 114, 115.   The Federal Circuit

8    affirmed.  *VoIP-Pal.com, Inc. v. Twitter, Inc.*, No. 2019-1808, slip op. (Fed. Cir. Mar. 16, 2020);

9    *VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 2020-1241, slip op. (Fed. Cir. Nov. 3, 2020).

10           Despite having told this Court in November 2018, that it did not intend to file any additional

11   claims against Verizon and its co-defendants, VoIP-Pal attempted to expand its patent litigation

12   campaign against Verizon and others in 2020—this time filing in the Western District of Texas.

13   2020 Verizon DJ Action, Dkt. No. 35-4 at 10.  VoIP-Pal filed six new lawsuits against many of

14   the same defendants, including Verizon and AT&T, in the Western District of Texas (the "2020

15   Texas lawsuits").   In the 2020 Texas lawsuits, VoIP-Pal asserted U.S. Patent No. 10,218,606,

16   which is in the same family as, and shares the same specification with, the six patents asserted in

17   the earlier cases.

18           VoIP-Pal's 2020 Texas lawsuits were improper forum shopping—a clear attempt to avoid

19   this Court and the experience and knowledge that Judge Koh specifically had gained through its

20   prior decisions on highly-related subject matter.  (*See* 2020 Verizon DJ Action, Dkt. 8, 8-1.)  As a

21   result, AT&T, Verizon, Apple, and Twitter each filed declaratory judgment actions against VoIP-

22   Pal in this District, seeking a declaration of non-infringement and invalidity for the same patent at

23   issue in the 2020 Texas lawsuits: Verizon (Case No. 5:20-cv-03092-LHK); Apple (Case No. 5:20-

24   cv-02460-LHK); Twitter (Case No. 5:20-cv-02397-LHK); and AT&T (Case No. 5:20-cv-02995-

25   LHK) (collectively the "2020 DJ Actions").

26           The Court deemed these 2020 DJ Actions related to each other and to the earlier VoIP-Pal

27   cases in this District and denied VoIP-Pal's motion to dismiss under the first-to-file rule.  2020

28   Verizon DJ Action, Dkt Nos. 18, 19; Dkt. 54 at 9-14.  Thereafter, the 2020 Texas case against

1    Verizon was dismissed without prejudice.  Case No. 6:20-cv-00327-ADA, Dkt. No. 49.  The Court

2    also analyzed VoIP-Pal's arguments regarding lack of personal jurisdiction over it for the 2020 DJ

3    Actions.

4    VoIP-Pal, once again flying in the face of its 2018 representations, now has filed yet

5    another set of new complaints against many of the same parties, including Verizon, in the

6    Western District of Texas, asserting another two patents—U.S. Patent Nos. 8,630,234 (the "'234

7    patent") and 10,880,721 (the "'721 patent") (VoIP-Pal refers to these patents as the "Mobile

8    Gateway patents" or the "'234 and '721 patents").  There are several reasons the '234 and '721

9    patents are similar to VoIP-Pal's previously-asserted patents.

10   First, the '234 and '721 patents and the previously asserted patents were originally

11   assigned to Digifonica (International) Limited (just like the eight patents at issue in the earlier

12   cases), and the '234 and '721 patents share an inventor (Johan Emil Viktor Björsell) with all of

13   VoIP-Pal's previously asserted patents.

14   Second, the '234 and '721 patents and the previously asserted patents relate to the same

15   subject matter: call routing functionality based on callee identifiers.  Indeed, the Abstracts

16   demonstrate the similar subject matter:

17   •    '606 patent, Abstract: "A process and apparatus to facilitate communication

18   between callers and callees. . . . In response to initiation of a call by a calling subscriber, a caller

19   identifier and a callee identifier are received[.]" 2020 Verizon DJ Action, Dkt. No. 1-1 (the "'606

20   patent").

21   •    '234 and '721 patent, Abstracts: "A method of initiating a call to a callee using a

22   mobile telephone. . . receiving, from a user of the mobile telephone, a callee identifier associated

23   with the callee." 2021 Verizon DJ Action, Dkt. Nos. 1-1, 1-2.

24   There are other, notable similarities between the '234 and '721 patents and the previously

25   asserted patents.  For example, each contains claim language referring to a particular "identifier."

26   '606 patent, claim 1 ("a second participant identifier associated with the second participant

27   device"); '234 patent, claim 1 ("callee identifier associated with said location identifier "); '721

28

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1  patent, claim 1 ("a destination node identifier associated with the destination node").  And the

2  figures of the patents are the same or similar:



FIG. 4

FIG. 15

10  The above examples each describe the same "call controller" as seen in figure 4 of the previously

11  asserted patents and figures 15 of the '234 and '721 patents.  Other examples include figure 2

12  from each patent describing a "phone" and in particular its "memory" structure including a

13  "Parameter Memory," "Program Memory," and "Temporary Memory;" figure 9 from each patent

14  describing the "Dialing Profile for a User;" figure 3 of the '606 patent and figures 14 of the '234

15  and '721 patents depicting a "SIP Invite Message;" figure 6 of the '606 patent and figures 17 of

16  the '234 and '721 patents describing a "RC Request Message;" figures 8A-8B of the '606 patent

17  and figures 18A-18B of the '234 and '721 patents showing flowcharts for an "RC Request

18  Message Handler."

19        As further evidence of the overlap, VoIP-Pal cited hundreds of documents related to the

20  previously asserted patents during prosecution of the '721 patent, including litigation filings from

21  VoIP-Pal litigations before Judge Koh, invalidity contentions references from VoIP-Pal's prior

22  litigations before Judge Koh, and docket filings from *inter partes* reviews of some of the

23  previously asserted patents.

24        Third, VoIP-Pal admits that its technology—including the previously asserted patents and

25  the '234 and '721 patents —generally relates to "improvements to communications technology"

26  that "facilitate communications across and between internet-protocol-based communication

27  systems and other networks, such as internally controlled systems and external networks (e.g.,

28  across private networks and between private networks and public networks), including providing

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

4

1    access to and routing through internet-protocol-based communication systems."  2021 Verizon

2    DJ Action, Dkt. No. 1-9 at 5.  VoIP-Pal has previously stated that the previously asserted patents

3    relate to "methods, processes and apparatuses that facilitate communications across and between

4    internet protocol based communication systems and networks, such as internally controlled

5    systems and external networks (e.g., across private networks and between private networks and

6    public networks), including the classification and routing thereof."  Case No. 6:20-cv-327-ADA,

7    Dkt. 1 at ¶ 15 (Complaint).

8          Finally, VoIP-Pal has accused the same Verizon products and services of infringement in

9    each of the previously asserted patents and the '234 and '721 patents cases: Wi-Fi Calling (or

10   VoWiFi).

11         Forced to defend against VoIP-Pal's piecemeal litigation and forum shopping again,

12   Verizon filed the 2021 Verizon DJ Action asserting non-infringement and invalidity of the '234

13   and '721 patents that VoIP-Pal asserted in its 2021 Texas case.  In the 2021 Texas case, VoIP-

14   Pal has filed a motion for temporary restraining order and preliminary injunction to prevent

15   Verizon, AT&T, and Apple from pursuing the 2021 declaratory judgment actions.  Case No.

16   6:21-cv-00672, Dkt. No. 18.

17         **B.     The Actions Are Related Cases**

18         The Verizon 2021 DJ Action and the above-captioned 2020 Verizon DJ Action are related

19   cases under Civil L.R. 3-12(a).

20         **1.     Civil. L.R. 3-12(a)(1)**

21         First, under Civil. L.R. 3-12(a)(1) the two actions concern overlapping parties—VoIP-Pal

22   and Cellco Partnership d/b/a Verizon Wireless.  The cases relate to substantially the same property:

23   VoIP-Pal's patent portfolio, in particular the '234 and '721 patents.  As detailed above in Section

24   II.A, the '234 and '721 patents are very similar to the patents at issue in the 2020 DJ Actions

25   (including the 2020 Verizon DJ Action) and 2016 VoIP-Pal Action.  VoIP-Pal strains to identify

26   terms that appear in the '234 and '721 patents but not in the previously asserted patents and vice

27   versa (Dkt. No. 76 at 4-5).  But these are minor differences, and VoIP-Pal must concede that all of

28   the patents are related to call routing functionality based on callee identifiers.  The 2021 Verizon

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

1   DJ Action and the other cases concern substantially the same transaction or event: whether

2   Verizon's Wi-Fi Calling (VoWiFi) service infringes VoIP-Pal's patents, and whether the '234 and

3   '721 patents, which are similar to VoIP-Pal's other patents, are invalid.

4         VoIP-Pal urges that the relatedness of technology between the asserted patents is not

5   sufficient, citing *NXP Semiconductors USA, Inc. v. LSI Corp,*. No. C-08-00775-JW, Dkt. No. 187

6   at 2 (N.D. Cal. Jan. 5, 2009).  But there, the patents in the first case were owned by LSI and the

7   patents in the second case were owned by NXP.  Here, VoIP-Pal owns all of the patents at issue

8   (although they were originally all assigned to Digifonica), all patents include a same inventor, and

9   all patents are directed to call routing functionality based on identifying information about the

10  callee.

11                  **2.      Civil. L.R. 3-12(a)(2)**

12        Given the facts set forth above, it would be an unduly burdensome duplication of labor and

13  expense if the 2021 declaratory judgment action was conducted before Judge Labson Freeman

14  instead of before Judge Koh.  For example, Judge Koh has invested substantial time in analyzing

15  and issuing substantive, dispositive rulings on the six patents that VoIP-Pal asserted in the 2018

16  and 2019 cases.  Judge Koh is currently presiding over the 2020 DJ Actions between VoIP-Pal

17  against Apple, AT&T, and Twitter.  The '234 and '721 patents may stem from a different patent

18  family, but as described above, they issued from the same company, have overlapping inventors,

19  have overlapping claim terms, are directed to similar technology, and are asserted against the same

20  Verizon Wi-Fi Calling services.  In addition, VoIP-Pal will likely move to dismiss the 2021

21  Verizon DJ Action under the first-to-file rule and for lack of personal jurisdiction.  VoIP-Pal filed

22  the same motion in the 2020 Verizon DJ Action, and Judge Koh analyzed the facts and law issuing

23  a detailed, 27-page opinion denying VoIP-Pal's motion to dismiss.  2020 Verizon DJ Action, Dkt.

24  No. 54.  Judge Labson Freeman does not have familiarity with any of the issues in the context of

25  these disputes that Judge Koh has developed.  There would be substantial duplication of effort and

26  expense and risk of conflicting decisions (regarding, for example, claim construction, patent

27  eligibility, and jurisdiction) if the 2021 Verizon DJ Action were not assigned to Judge Koh.

28

STATEMENT ISO *SUA SPONTE* JUDICIAL REFERRAL
TO CONSIDER WHETHER CASE SHOULD BE RELATED

CASE NOS. 5:18-CV-06054-LHK,
5:20-CV-03092-LHK, 5:21-CV-05275-BLF

1      VoIP-Pal's reliance on *Karamelion LLC v. Nortek Security & Control, LLC*, is misplaced

2   because unlike here, the "Court did [not] consider or rule on any substantive motions in

3   Karamelion I."  Case No. 4:19-cv-06016-YGR, Dkt. No. 21 at 2 (N.D. Cal. Jan 14, 2020).  *Uniloc*

4   *USA, Inc. v. Logitech, Inc.* and *Hynix Semiconductor, Inc. v. Rambus, Inc.* are also distinguishable

5   because in those cases, unlike here, there was no overlap between the parties.  *Uniloc USA, Inc. v.*

6   *Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 U.S. Dist. LEXIS 208122, at *4 (N.D. Cal. Dec. 5,

7   2018) ("there is no overlap between the instant case and the defendants, patents, inventors, and

8   technology standards"); *Hynix Semiconductor, Inc. v. Rambus, Inc.*, No. C-00-20905 RMW, 2008

9   U.S. Dist. LEXIS 68625, at *14-15 (N.D. Cal. Aug. 24, 2008) (the new case against NVIDIA does

10   not concern "the same parties, property, transaction or event," because NVIDIA was not a party

11   to the prior cases).

12      **C.    VoIP-Pal, not Verizon, is Forum Shopping**

13      VoIP-Pal's allegations that Verizon is forum shopping are unfounded.  Like the Verizon

14   2020 DJ Action, "it would be far less efficient for the Western District of Texas to resolve these

15   cases based on the Northern District of California's familiarity with the overlapping issues."  *In re*

16   *Voip-Pal.Com, Inc.*, 845 F. App'x 940, 942 (Fed. Cir. 2021).  VoIP-Pal's recently established

17   "virtual office" in Waco is an attempt to manipulate venue and should be disregarded.  *In re*

18   *Samsung Electronics Co.*, No. 21-139, Dkt. 33 at 10 ("the Supreme Court and this court have

19   repeatedly assessed the propriety of venue by disregarding manipulative activities of the parties.")

20   VoIP-Pal "stipulate[ed] to transfer [of] five lawsuits" to this District, and this Court gained

21   familiarity with the parties, the technology, similar patents, and overlapping accused products as

22   a result of that transfer. *Apple Inc. v. VoIP-Pal.com, Inc.*, No. 20-CV-02460-LHK, 2020 U.S. Dist.

23   LEXIS 233613, at *27 (N.D. Cal. Dec. 11, 2020).

24      For the foregoing reasons, having Judge Koh preside over the 2021 declaratory judgment

25   action would conserve judicial resources and promote the efficient resolution of the action.

26   **III.   CONCLUSION**

27      Verizon supports Judge Labson Freeman's *sua sponte* judicial referral and respectfully

28   requests a determination that the 2021 Verizon DJ Action (Case No. 5:21-cv-05275) is related to

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

7

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

1   the 2020 Verizon DJ Action, the 2016 VoIP-Pal Action, and VoIP-Pal DJ Actions.  The 2021

2   Verizon DJ Action should thus be assigned to the Honorable Lucy H. Koh.

3

4    Dated: August 6, 2021                        VENABLE LLP

5

6                                                 By:   *William A. Hector*
                                                  Frank C. Cimino, Jr. (*pro hac vice* pending)
                                                  fccimino@venable.com
7                                                 Megan S. Woodworth (*pro hac vice* pending)
                                                  mswoodworth@venable.com
8                                                 600 Massachusetts Ave., NW
                                                  Washington, D.C. 20001
9                                                 Telephone:  (202) 344-4000
                                                  Facsimile:  (202) 344-8300
10
                                                  William A. Hector (SBN 298490)
11                                                wahector@venable.com
                                                  101 California Street, Suite 3800
12                                                San Francisco, CA  94111
                                                  Telephone:     (415) 653-3750
13                                                Facsimile:     (415) 653-3755

14                                                *Attorneys for*
                                                  Cellco Partnership d/b/a Verizon Wireless;
15                                                Verizon Services Corp.; and
                                                  Verizon Business Network Services LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

8

STATEMENT ISO *SUA SPONTE* JUDICIAL REFERRAL                    CASE NOS. 5:18-CV-06054-LHK,
TO CONSIDER WHETHER CASE SHOULD BE RELATED        5:20-CV-03092-LHK, 5:21-CV-05275-BLF